OiiDHAMj J. This case is brought into this court by certiorari from the county court of Crittenden county. It appears from the record that at the April term 1841, an order was made by the county court directing a citation to issue, requiring Trice as former sheriff to appear during that term and file his accounts for settlement. No citation appears among the papers, nor does the record show that one issued. An attachment seems to have been issued by the clerk and served by the sheriff, but the record shows no order directing, it to be issued. The court at that term proceeded to settle the accounts of said Trice as late sheriff, and charged him with $>1819 15 as the balance due the county for the revenue of 1840. He was also charged the penalty of twenty-five per cent, on that amount for failure to settle at the time prescribed by law, making $363 83 — -also interest on amount due from Jan’y court 1841 to April court 1841, $272 87. He was also charged with the sum of six hundred dollars as the amount of money received by him for sale of a runaway slave, with interest on that amount from the July term of the county court 1840 to the April term 1841, at five per cent, a month, making the further sum of $272. At the next term of the court Trice appeared by his attorney and moved the court to set aside the settlement so made, the motion was overruled and judgment rendered against him for the sum of $3158 57. The penalty of twenty-five per cent, charged for failure to settle the revenue of 1840, does not seem to have been included in the judgment. The record is silent as to who composed the court at the July term 1841, when 'judgment was rendered, or whether a competent court was present. The judgment is signed by Wm. B. Hay, Judge. Numerous objections are urged against the regularity of the proceedings in this case. It is first contended that Trice had no notice which would authorize the court to render judgment against him. The proceedings in the case s'eem to have been based upon the 41 chap. Revised Statutes. By that act it is provided that “ all collectors, sheriffs, clerks, constables and other persons chargeable with moneys belonging to any county, shall render their accounts to, and settle with the county court at each regular term thereof, and pay info the county treasury any balance which may be due the county and take duplicate receipts therefor, and depos-ite one of them in the office of the clerk of the county court within five days thereafter. If any person thus chargeable shall neglect to render true accounts or settle as aforesaid, the courts shall adjust the accounts of such delinquent according to the best information that can be obtained, and ascertain the balance due the county. In such case the court may refuse to allow any commission to such delinquent, and he shall, moreover, without delay, pay into the county treasury the balance found due as aforesaid. If such delinquent shall not pay the amount thus found due the county and produce the treasurer’s receipt therefor within ten days after such balance is ascertained, the clerk shall charge such delinquent as a penalty for such failure twenty-five per centum on the amount then due. Unless such delinquent shall appear on the first day of the next succeeding term of the county court and show good cause for setting aside such settlement, the court shall enter up judgment for the amount due with the penalty added thereto, and fifty per centum per annum thereon until the same shall be paid. If good cause be shown for setting aside such settlement the court may re-examine, settle and adjust the same according to law, and- may remit any penalty that may have been imposed.” Sections 21, 22, 23, 24, 25, and 26. By these provisions of the Statute it is made the duty of the county court to settle and adjust the accounts of officers chargeable with county funds, who may have failed to settle and pay over the amount with which they are chargeable, at the time and in the manner prescribed by law; this settlement the court is to make from the best information they can obtain, and ascertain the balance due. It is not necessary that the delinquent officer shall have notice that such a settlement of his accounts will be made by the court, because at that term no judgment can be rendered, the proceedings being preliminary. At the next term of the court, unless the party appears and shows good cause for setting aside the settlement, the court may render judgment against him for the amount together with the penalty annexed, and fifty per centum per annum, &c. The law gives him the right to move to set aside the settlement. How can he avail himself of this right, unless he has notice of the proceedings against him? Besides it is contrary to the first principles of justice that a judgment shall be rendered against a man without notice or an opportunity pf being heard in resistance of the claim set tip against him. But this right to notice a party may waive by appearing without it. The record shows that at the next term of the court, Trice appeared by his attorney and moved the court to set aside the settlement made of his accounts at the previous term. This of course was a waiver of a want of notice, and that objection is now unavailable. It is also contended that the record shows no liability on the part of Trice; that the county court being a court of limited jurisdiction, the record should show upon what data the court proceeded. It is necessary to the validity of the proceedings of all courts of limited jurisdiction that it shall affirmatively appear upon the record, that they have jurisdiction of the parties and the subject matter. This appears in the present case: the record shows a proceeding against a sheriff for moneys in his hands belonging to the county. This jurisdiction belongs exclusively to the county courts. It is not necessary that the record should contain the evidence or information by which the court was governed in ascertaining the balance due the county. It is the privilege of the party charged by the settlement to show at the next term of the court that the settlement is incorrect, and if his showing should be overruled to place the facts upon the record by bill of exceptions, so that the decisions may be reviewed by a higher tribunal. The judgment does not appear to have been rendered for the penalty of twenty-five per centum per month as counsel suppose. The court at the April term directed Trice to be charged with that penalty, but a calculation will show that the penalty was omitted in the judgment at the July term. It is insisted that the county court had no power to make settlement at the April term 1841 with Trice for the revenue of 1840. The case of Lawson v. Pulaski county, 3 Ark. Rep. 1, does not. sustain the position as assumed in the present case. In that case it is decided “ that it is only at the November term annually that the sheriff is bound to settle and account for all moneys then legally charged or chargeable against him. This decision has no reference whatever to a proceeding against a delinquent officer, who may have failed to settle and account at the time prescribed by law. Although according to that decision the sheriff is not compelled to make his settlements only at the November term, yet we are of opinion that if he should fail to make such settlement and pay over the amount -with which he may stand properly chargeable at that time, the county court may at that or any subsequent term proceed to settle and adjust the accounts of such delinquent from the best information which they can obtain, and at the next term render judgment for the amount, and the penalty &c., unless good cause be shown for setting aside such settlement We will now proceed to the' consideration of several objections which appear to be more substantial than those already noticed. It does not appear that there was any competent court at the July term 1841 when the judgment was rendered. It requires the presiding judge and two justices of the peace to constitute a court for the transaction of business. The presiding judge alone does not compose the court and judgments rendered by him are mere nullities. It does not' appear from the record that Trice had failed to render his accounts or settle with the county court at the November term preceding, when by law he was required to make settlement and pay over the amount in his hands. This fact must be made to appear of record, before the county court is authorized to settle and adjust the accounts of the delinquent officer, and ascertain the balance due according to the best information. It is only hpon that state of fact that the law confers that power upon the court, and the record must show that fact to sustain the proceeding of the court. The court In their settlement charged Trice with the sum of six hundred dollars, money received from the sale of a runaway slave, and five per cent, a month interest on that amount from the July term 1840 of the county court to the April^ term 1841, stated to be $272. It will be seen by a reference to the Rev. St. ch. 128, sec. 52 to 58, that five per cent, a month forfeit is only chargeable against any coroner, clerk, constable or justice of the peace, who shall have failed to settle with the county court and pay the amount in their hands to the collector as provided by law, and who shall have been returned to the county court as a delinquent by the collector, and the collector credited in his account for such delinquency. In such case the five per cent, forfeit must be collected by suit on the official bond of such delinquent. For these irregularities and errors the judgment of the county coui’t must be quashed and set aside.